Number 191122, Intellectual Ventures LLC v. Trend Micro Incorporated, Mr. Lahab. Good morning, and may it please the Court. This was not an exceptional case under the statute, and the conduct at issue does not justify awarding fees under Section 288. Moreover, the District Court erroneously awarded fees unrelated to the conduct that it found exceptional. So what's the conduct at issue here? It really comes down to a portion of an argument in opposition to Trend Micro's motion to modify the construction of one term from one of three asserted patents. Trend Micro sought to add the word bulk to the construction of Claim 9 of the 050 patent, as well as the word frequency to all three constructions. And if you note the chart on page 8 of our opening brief, you will see the differences in the constructions. Now, Trend Micro's motion, ostensibly, was made in response to certain testimony from IV's technical expert, Dr. McDaniel, during trial against a separate defendant, Symantec. The expert testified in accordance with the District Court's two-year-old construction that bulk wasn't within the scope of Claim 9. He was asked whether that testimony reflected a change of opinion, and he said yes. Now, IV opposed Trend Micro's motion to modify the construction. We argued that the motion was untimely. We argued that there was no O2 micro issue. We also argued, in a more traditional claim construction argument, that the intrinsic evidence didn't support the modified construction. But we did also argue that the expert, who wasn't some seasoned testifier, he was a college professor, didn't flip-flop. We acknowledged his trial testimony and argued how his opinions at trial were consistent with the pretrial record. You can see that in our briefing at Appendix 672 to 677, as well as during the hearing, for example, at 807 through 808. Okay, and the District Court found that argument was untenable. Is that wrong? I think that is wrong. I think the argument was not untenable. We cited the record. We cited the expert's prior deposition testimony. We cited his expert reports. The argument made in that part of the argument was based on the record evidence and was intended to show that, contrary to the argument, this wasn't some significant deviation from the record, that prejudice to trend micro, and cast it into a frenzy of additional work before its trial. Are you familiar with the Rembrandt case from this Court? Yes, Your Honor. So my question is, let's say that I think it's up to the discretion of the District Court to be able to look at a particular amount, this particular portion of the case, and determine whether the case is exceptional or not. Why can't the District Court do that and allocate under Rembrandt? Well, I think there's two problems. I think, number one, 285 is the wrong mechanism for this case. 285 was not intended to be used to redress a single, isolated act. That's not what the statute says. The statute does not talk about conduct or acts or violations. You mean you can't have work peace under 285 unless you find the case overall is exceptional? No, Your Honor. I think under 285, there has to be a pattern of misconduct or misbehavior. There has to be a pattern or a course of conduct over some portion of the proceedings. It does not need to be. Isn't that a little inconsistent with Rembrandt? I'm sorry? Isn't that a little inconsistent with Rembrandt? In Rembrandt, the case was found to be exceptional for particular conduct, not a pattern of conduct, for particular conduct. And then this Court said, first, you find the case exceptional. In the second analysis, you look at the amount of attorney fees to be awarded, and there has to be some connection between the amount of fees awarded and the conduct that is found exceptional. So it doesn't – there's nothing in Rembrandt about a pattern of bad behavior. I think that this Court's – I think the Supreme Court's instruction in Octane Fitness and Highmark contemplate this pattern idea. But there has to be more than just one act. And it has to be an act that is arguably questionable, in bad faith, vexatious. And it can't be simply defending your expert or trying to rehabilitate a witness. Didn't the Supreme Court also say at the same time that we're not supposed to get into these kinds of disputes? It's really up to the discretion of the district court, which is more familiar with the case, for the district court to determine whether this case stands out compared to others. The court did say that. And the court said that the reason why we defer to the district court is because the court has lived with the case for a prolonged period of time. And you have to look at the litigation position as the – over time. This case doesn't stand apart because of some portion of an argument. This case stands apart because the district court awarded fees under Section 285 despite expressed findings that, quote, it would be wrong to say that Ivey's case was objectively unreasonable. The court found that Ivey's case overall was not exceptional, that Ivey did not deliberately plan and execute a reversal of position, and there was no ill motivation on Ivey's part. This is a unique situation where the court lived with the case for four and a half, five years, and as the court said, there's a bunch of litigation, and Ivey prevailed on a majority of it, including at trial against Symantec. And what's also important is that there was no finding or even argument that continued prosecution after the court granted the motion to modify was somehow vexatious or bad faith or unreasonable. I think faulting Ivey for making a good-faith record-supported argument misapplies Section 285 legally and factually. And further to your point, Your Honor— Suppose it's not a good-faith record-supported argument. I'm sorry, Your Honor? Suppose it's not a good-faith record-supported argument. I disagree with that hypothetical, but if, assuming that hypothetical, if it's not a good-faith argument, if it's an argument that wasn't supported by the record as it was, if it wasn't an argument that was permitted under the rules, i.e. to rehabilitate a witness, I still don't think you get to 285. Didn't the district court also say that ill motivation had not been proven, not conclusively, right? That's what the district court said. It had not been proven. The district court explicitly found no overall exceptional case, that the case was not objectively unreasonable, and very importantly, that it was not a deliberate plan or execution of a reversal of position. This Court's decisions as to what constitutes sufficient grounds for exceptional case and this idea that it should be a pattern, we see in the SFA systems case. We see it, which cited the E.O.N. Nett case. In that case, the patentee destroyed documents, lodged misleading, extrinsic evidence, acted in bad faith, took unsupportable positions, and demonstrated, quote, a lack of regard for the judicial system. The court in SFA cited MARTEC, finding that fees were justified because the patentee initiated a frivolous lawsuit, misrepresented the law, and the constructions adopted by the court, and relied on expert testimony that, quote, failed to even meet minimal standards of reliability. The court cited MONOLITHIC, holding that fees were warranted based on an overall vexatious litigation strategy and numerous instances of litigation misconduct. There's no pattern by I.V. The district court did not find one. To the contrary, the district court went out of its way to rest its fees award on a single act. And again, a single act can transform, I think, a case into an exceptional case, but it still implicates a pattern or a course of conduct after that act. It could be a claim construction that renders an invalidity position or an infringement position untenable, or some fact that dooms a patent's validity. In this case, as I said, the claim construction didn't change anything. It didn't beget a new non-infringement position for Trend Micro. It didn't kill the patent. What about some of the cases that are cited? There's a couple of non-precedential cases from this court that are cited, I believe, in the red brief at pages 28 and 29, like the total containment case and the unified messaging case. Those cases are non-precedential, but in those cases, as I read them, those were circumstances where a district court had said the case was exceptional because of one main event. For example, in unified messaging, the court focused on a failure to join a party, a necessary party. And the court said that the court can only infer that litigation strategies set out above motivated UMS's lack of candor and transparency. So with respect to unified messaging, I think the court identified, as I said, a single act and a failure to join, and that was representative of a larger overall vexatious strategy. In fact, what I quoted to you is in that case at... Let me find the pin site, Your Honor. Star six. So that's the unified messaging case. So I think in unified messaging, there is that idea or that element of a strategy that was precipitated by an event. In the total containment case, the court held that fees were warranted in part because, quote, the district court found that the EPI persisted in its allegation of misconduct by TCI even after it learned that TCI had presented the allegedly withheld information to the PTO. This was an equitable conduct type of argument. And so, for example, in the total containment, the fact that EPI persisted in claiming this inequitable conduct theory and pursuing inequitable conduct theory despite the fact that TCI had presented the allegedly withheld information to the PTO and after the PTO had stated that it would not consider that information in the reexamination proceedings, again, it's an event that continued prosecution. That is a course of conduct or a pattern of conduct and not a single act. So this case is unique. I think this court's decision in checkpoint systems provides the best blueprint for reversal. In that case, this court reversed the award of fees because the record didn't show any abuse or harassment. There was no allegation of falsity or fraud or bad faith, and the charge of infringement was reasonable. The BIACS case is also constructive. In that case, the court, your honors were on the panel in that case, reversed the fees award. The district court misinterpreted the argument and the infringement position, and that claim construction did not foreclose the patentee's infringement case. Also earlier this year, there's the A10 case in which the court affirmed the denial of fees despite a weak lost profits theory and disproportionate aspects between damages and litigation costs. Again, the content at issue here is the argument in response to a motion to modify a claim construction two and a half years after the claim construction order, the original claim construction order issued. That type of argument, again, based on the record, based on the expert's prior testimony, that's not the type of argument, that's not the stuff of 285. You're well into the rebuttal. Anything you want to say? I will reserve the remainder for rebuttal. Thank you, your honor. Thank you. Mr. Tchaikovsky. Good morning, your honors. May it please the court, Yor Tchaikovsky on behalf of Trend Micro. Your honor, we just heard an argument that I guess repeatedly we've heard before the district court and now the Federal Circuit in briefing hearings that focuses on a change in an expert's testimony. What the district court found was the exceptional case and caused this to be an exceptional case was not the Rule 26 finding. He didn't really. Did he find an exceptional case? Yes. This is something I'm concerned about. He said, under the totality of circumstances, the case as a whole is not exceptional, but I find this conduct here surrounding this circumstance exceptional. He found the case to be exceptional. Where does he say the case is exceptional? I'll find that, your honor, in a moment. I'll find that, your honor. I'll get back to that. But beyond saying the case is exceptional, there's nothing in this 285 that says the entire case must be exceptional. Moreover, going with Rembrandt, we were all here, actually, when we argued the merits case decision on 101 in this case. What was that? Probably two, three years ago. On the same day, this panel, although Judge Toronto now sitting instead of Judge Mayer, heard the Digital Register of Texas versus Adobe Systems case. In that case, there were many instances, if you could look at the district court's opinion from the Northern District of California of arguments of what was exceptional. And, in fact, the district court declined to find most of those items to be either leading to attorney's fees or exceptionality. In fact, the only instances the court found led the case to be exceptional was the changing testimony of two witnesses during the course of trial where one witness testified that there was a different version of a document and another witness testified that he didn't recognize a document which changes trial testimony. The district court, in that case, affirmed by this court, I believe it was a Rule 36 slip opinion, was that that case was exceptional. Fees were granted, despite the fact that other aspects of the case and not the entirety of the case, but those acts that occurred in trial made the case exceptional. And, in fact, those were limited, isolated acts, which is not what we have actually here. We actually have the repeated, repeated, and, in fact, a lack of focus of what we just heard from counsel from Intellectual Ventures is the focus is on their counsel actually denying what transpired at trial and then continuing the denial at the fee hearing. That's the focus of the district court and of Judge Stark is the repeated efforts throughout the case to actually deny that this effort happened. And Unified Messaging, that was just described, the other case, which was Judge Lefkoe from the Northern District of Illinois, that was my case, argued to this court on appeal. In that case, this court actually found that the one act relating to not adding, not standing, not adding a party was actually lacking candor and transparency. Coming back to Judge Stull's question. Yes. My question was specifically setting aside whether I recognize, of course, that there can be certain portions of the case that the district court looks at and says, this stands out, makes the case exceptional. My concern is that Judge Stark never said this case is exceptional. He said, I look at the totality and this case is not exceptional. The totality of the case is not exceptional. So I'm trying to get you to help me to understand. You know, you could say, hey, you moved from the bench. There's lots of things you could say here. Appendix 55, Your Honor. After hearing the argument, we were there all day. A counsel for Ivey argued all day. I argued all day. The order was from the bench after a recess. You're looking at page 855. As I noted, in this case, the burden You don't have to be quite so loud. I apologize. The burden is on Trend Micro. Line 18? Correct. Sorry, Your Honor. To show by preponderance of evidence under the totality of circumstances that the case is exceptional. Having considered the arguments before today, having lived with the case for a long time, and having heard the lengthy arguments today and reviewed the materials, I find that Trend Micro has met its burden in granting the motion. That's the court saying the case is exceptional. I don't know how to read that any other way than I found the case exceptional. Yes, the court You really should be quieter, okay? I apologize, Your Honor. We don't like to be yelled at. So, I apologize. But that was the court's finding at the outset of his opinion that the case was exceptional. And then I think at the beginning of the fees amount order there's a description of this earlier fees entitlement order as declaring the case exceptional. But nevertheless, I think that the substance of the concern is does 285 really allow fees to be awarded for particular conduct, whether it's the submission of a particular position or other conduct that the judge, district court, finds exceptional even if as a whole the case cannot be viewed as exceptional. Is there some important difference in the statute between those two things? I think what Octane and Highmark did in combination was to allow district courts the discretion to find cases exceptional as opposed to the rigid standard applied in Brooks Furniture that was overturned by the Supreme Court. And in considering it, I mean footnote six from Octane is very exemplary and said in determining award of fees under similar provision district courts can consider a non- exclusive list of factors including frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance consideration of compensation and deterrence. And that's exactly what the Supreme Court gave district courts the power to do is when certain things occur to have compensation, certain acts don't transpire again. And here we don't even have one act. Excuse me, unless for 285 purposes, unless the same equally bad conduct was engaged in by the prevailing party. I don't disagree that the totality of circumstances... Isn't that a strange way to view 285? If 285 is about let's just call it isolated bad acts, why would that not equally apply to isolated bad acts of the prevailing party? I wouldn't say 285 is about isolated bad acts. You definitely have to look at the totality of circumstances, but it does include it and looking at the totality of circumstances coming to a conclusion. This court has in many other cases looked at the totality of circumstances, come to one conclusion, come to another conclusion. As I mentioned, I think Rembrandt, I think Digital Register of Texas versus Adobe, I think UMS are examples where when you look at the totality, exceptional case was found and it was largely based on one act. Where here we actually don't have one act. If you look at appendix 55 also in the judge's order lines 9 through 17 allows the court where the prevailing party shows by prominent evidence that the case is exceptional. The exceptional standard is assessed under the totality of circumstances and requires the court to consider, among other things, a non-existent list of factors where their case stands out and substantive strength. What the court, in fact, did through here is the court considered equitable factors. If you go through the court's decision, the court on A57 said he found that the relief should be granted. I do find those acts are what occurred meaning specifically the expert witness late, cross-examination and trial, Rule 36. That's A57. However, that's again the focus of IV. What the court then went on to say, besides disclosing this new opinion, that IV later opposed all relief based on the admitted late disclosures of new expert opinion. That includes that the fee hearing in August of 2017, a denial. In fact, I would say not telling the truth, disbelief going to what Your Honor said on counsel came up here, that actually the truth was not being told by counsel for intellectual ventures about what transpired in the courtroom. And the answer is yes. And it's fair to consider all of that under the totality of circumstances. And does all that stand out from other cases, from all their portions of the case, looking at all the cases, from a district court that right now hears more patent cases than any other in the U.S. back then the second most in the United States and it says, does it stand out in terms of the strength of the position IV was advocating or the manner in which IV was litigating? The answer to that is yes. With respect to the collection of circumstances regarding this and I considered equity, the court considered equity at their request as the court said. And the court considered trends litigation and misconduct on A-59 and said that doesn't mitigate and change my circumstances. And A-60 was the equitable component to a 285 analysis. So I mean, I'm not sure that you can get a more reasoned opinion under the Octane Highmark standards that looked at all the factors of the majority of a case that now has gone on for a decade, at the time the court had seven years of living through this case and said all these acts... I guess the question is whether the court has to find that a single act is so significant that it makes the case overall exceptional or can the court find that the case is not overall exceptional but partly exceptional on award fees under 285? The court found the case to be exceptional the court's not saying not doing what... At JA-57 he says, I consider whether the case overall is exceptional. I find it was not. And that's every argument from beginning to end every non-infringement argument, etc. That's not what's required. Again, not required... You're answering Judge Dyke's question with this information I just gave you. So that's what I want. Not all aspects of the case need to be frivolous, objectively... That's not the question. The question is, does the individual event need to be so significant that it renders the case overall exceptional or is it permissible under the statute to say no, the case overall is not exceptional but part of it is? The issue is it's not an individual event Your Honor. That's where the disagreement is or I respectfully... Alright, well this cluster of events related to this testimony and the attempt to defend it. It's not just that. And I apologize if our briefing didn't do as good of a job... No, but you're not answering the question. The question is does the event or cluster of events have to be so significant that it renders the case overall exceptional or is it sufficient that it renders it in part exceptional? The court has to find the case to be exceptional. One that stands out from others as... The overall case? I don't think you have to say the entirety of the case is exceptional. Every aspect of the case is exceptional. And the court's issue here was, again, if we look at A610 through to A611 in the claim construction tutorial they said that bulk is part of this claim construction. That's why the court said I can't believe this is happening to me. At A1478 in the claim construction briefing, bulk is part of the claim construction. At A1524 in the Markman hearing, bulk is part of the claim construction. So both the court and Trend Micro in McDaniel's expert report and McDaniel's deposition bulk is part of the claim construction. So throughout the case, actually through all the substance of the case not one isolated act. The court and Trend Micro were in the position of bulk is part of this claim construction. Not until the experts changed opinion at trial in the beginning of 2015 was there all of a sudden an ah-ha moment. Bulk is not part of Claim 9. And then after that ah-ha moment, which may be addressed by Rule 26 and a clarification of the claim construction, there was Ivey's counsel saying, hey that was a mistake. That trial testimony was an error. And that's where Judge Stark in that moment said, that's not true. He changed his opinion. That same thing was carried forward at the deposition. And what was the scope of the work for which fees were awarded here? The scope of the work we cabined the fees to the acts that were intentionally that were cabined to, as a result, the change in the opinion of the testimony. Starting from the testimony that the judge found was a change. That's correct. Not any of the earlier submissions. That's correct, Your Honor. At that point in time, going forward. That's correct. And the court allowed fees, including up to the fee briefing, additionally. I think, going back to Judge Dyke, you're answering your question. Again, the panel here largely was sitting through Digital Register of Texas. I think there are, there can be certain acts. I don't think this case is a case of certain acts. I think it's a case of a position that was taken throughout the case. So it's not like an isolated act. It's a position throughout the case. There were other arguments. For example, the 101, which we were up here back and forth, which was winners and losers. But just because there are other aspects of a case that are winners and losers does not mean that a case is not exceptional. Digital Register of Texas, UMS, or Rembrandt. Thank you, Your Honor. Thank you. Mr. LaHon? Yes, as the court recognized, Judge Hart did not find the entire case exceptional. And that's at Appendix 57. But that doesn't, he doesn't have to find that the entire case is exceptional. But maybe he has to find that the case is exceptional because some aspect of it is so significant that it renders the thing overall exceptional. And I don't think he found that here. I don't think that he found that this argument was so significant that it rendered the case overall exceptional. I don't think that's what he found. I think that he didn't like the argument because he goes back to it. We heard argument that it was a pattern. It was from the beginning of the case and the construction of bulk from 2012 and on and through trial. That's not what Judge Stark hung his argument on, or his ruling on. And you see that in the record. You see that at 24 and 25 of the appendix where he asks the question about this particular argument. He has a concern. Again, I can see that this is at 24 of the record lines 24. I can see that argument, if I were to rule, that prevailed on 285 just because of the violation of Rule 26. But here it really was very notably followed up in the course of its clarification by Ms. Taylor trying to persuade me that I should not accept what your own witness said under oath in front of me. Then appendix 32 and 33 he goes back to that issue. Appendix 41 he goes back to that issue. And that is the single act. It is not a pattern. It is not a course of conduct. It is not a litigation strategy. It's one act trying to explain to the court that its expert had not deviated from the prior record. The testimony was mistaken. There was argument that we denied the testimony. That's incorrect. Page 807 to 808 of the record. Okay, Mr. LaHunt. Thank you. We're out of time. I thank both counsel for the cases. And that concludes our session for this morning.